## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ANA ROUBERT | : | CIVIL ACTION NO.: |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PEPPERIDGE FARM INCORPORATED. | : | March 4, 2022 |
|     Defendant. | : | |

### NOTICE OF REMOVAL

**TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

Defendant Pepperidge Farm Incorporated ("Pepperidge Farm" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1446, premised on federal question jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

### I.    TIMELINESS OF REMOVAL

1.    On or about February 2, 2022 Plaintiff Ana Roubert ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Ana Roubert v. Pepperidge Farm Incorporated*, and returnable to Connecticut Superior Court, J.D. of Hartford at Hartford. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2.    The first notice received by Defendant of the State Court Action occurred on or about February 2, 2022, when Plaintiff served the Complaint and Summons on Defendant's agent of service.

3.      Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.    VENUE

4.      The Superior Court of Connecticut, Judicial District of Hartford at Hartford is located within the geographic coverage of the United States District Court for the District of Connecticut.  28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.    BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In the Complaint, Plaintiff expressly alleges violations of the Family Medical Leave Act, 29 U.S.C. § 2612, et seq. ("FMLA"). Specifically, Plaintiff alleges her rights to FMLA were interfered with by Defendant. (Pl. Compl., Count Two ¶¶ 23-30, attached at **Exhibit A**). This Court has original jurisdiction of this civil action because Plaintiff's claims arise under the Constitution and laws of the United States. 28 U.S.C. § 1331.  Accordingly, the Complaint raises a federal question and this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. §1331, and removal of this action is authorized by 28 U.S.C. § 1441.

## IV.    SUPPLEMENTAL JURISDICTION

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims alleging disability discrimination in violation of Connecticut Fair Employment Practice Act ("CFEPA"). (Pl. Compl., Count One ¶¶ 23-27, attached at **Exhibit A**).   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal

causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

8.      Here, Plaintiff's state law claims relate closely to her FMLA claim. The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with and subsequent termination from Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. See 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## V.    CONCLUSION

9.      To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

10.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

11.     By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of

Connecticut, Judicial District of Hartford to the United States District Court for the District of Connecticut.

                                        **DEFENDANT,**
                                        **PEPPERIDGE FARM INCORPORATED**

                                        By /s/ Nicole S. Mulé
                                        Kelly M. Cardin (CT29162)
                                        Nicole S. Mulé (CT30624)
                                        Ogletree Deakins Nash, Smoak & Stewart P.C.
                                        281 Tresser Boulevard, Suite 602
                                        Stamford, CT 06901
                                        Phone: 203-969-3112
                                        Fax: 203-969-3150
                                        kelly.cardin@ogletree.com
                                        nicole.mule@ogletree.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 4th day of March, 2022.

/s/ Nicole S. Mulé
Nicole S. Mulé

50372168.v1-Ogletree

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 95 Washington Street, Hartford, CT  06106 | ( 860 )548-2700 | February<br><sub>Month</sub> | 22<br><sub>Day</sub> | 2 022<br><sub>Year</sub> |

| ☒ Judicial District | ☐ G.A. Number: | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | | Hartford | Major: **M** | Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented  *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT  06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 )  296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes | ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|---|
| | | | mmichaud@cicchielloesq.com |

| Number of Plaintiffs: **1** | Number of Defendants: **1** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name:  **Ana Roubert**<br>Address: **16 Greenlow Street, East Hartford, CT 06108** | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name:   **Pepperidge Farm, Incorporated  595 Westport Avenue, Norwalk, CT 06851**<br>Address: **Agent: CT Corporation System 67 Burnside Ave, East Hartford, CT 06108** | D-01 |
| **Additional Defendant** | Name:<br>Address: | D-02 |
| **Additional Defendant** | Name:<br>Address: | D-03 |
| **Additional Defendant** | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "x" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| | | **MEGAN L. MICHAUD** | 01/28/2022 |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

(Page 1 of 2)

RETURN DATE: FEBRUARY 22, 2022   :          SUPERIOR COURT
                                  :
ANA ROUBERT                       :          J.D. OF HARTFORD
                                  :
VS.                               :          AT HARTFORD
                                  :
PEPPERIDGE FARM,                  :
INCORPORATED                      :          JANUARY 27, 2022

## COMPLAINT

     1.     The Plaintiff, Ana Roubert (hereinafter "Plaintiff"), was and is a resident of the City of East Hartford in the State of Connecticut.

     2.     The Defendant, Pepperidge Farm, Inc. (hereinafter "Defendant" or "Defendant Company"), was and is a domestic corporation organized and existing under the laws of the State of Connecticut with a business address of 595 Westport Avenue, Norwalk, CT 06851.

     3.     Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about September 24, 2021, and received a Release of Jurisdiction letter dated January 26, 2022, which is attached hereto as Exhibit A.

     4.     The Plaintiff was hired by the Defendant on or about September of 2018.

     5.     At all relevant times Plaintiff was employed with the Defendant in the position of Machine Cleaner for the third shift.

     6.     In her capacity as a Machine Cleaner, Plaintiff's duties included, but were not limited to, daily in-depth cleaning of all machinery, equipment and building structures. During the course of her job, Plaintiff at times performed duties that required the use of ladders, portable stairs, safety harnesses, hoists, self-propelled aerial work platforms, water and air hoses, hand tools, power tools, housekeeping equipment, cleaning chemicals, and sanitizer dilutions.

1

7.      At all times relevant to the Complaint, Plaintiff reported to, and was supervised by, Roberto Arroyo ("Arroyo").

8.      In or around March of 2021, Plaintiff began experiencing dizziness and joint pian. The Plaintiff was subsequently diagnosed with diabetes.

9.      Diabetes is a chronic health condition and has a wide range of symptoms including, but not limited to, blurry vision, numb or tingling hands or feet, exhaustion, and dizziness.

10.     Around the same time, Defendant assigned the Plaintiff duties requiring the use of a ladder and situated in a high space. Plaintiff stated that she was not able to perform these duties due to her diabetes-induced dizziness; to which the Defendant responded that the Plaintiff would need a doctor's note stating such.

11.     Shortly thereafter, Plaintiff received a note from her physician stating that she was unable to use a ladder at work or work in high places due to her dizziness, pending medical tests. Plaintiff's doctor also excused her from work for two days due to the same condition.

12.     Arroyo was made aware that the Plaintiff was taking medication at this time for her dizziness.

13.     Upon returning to work, the Plaintiff was given two points of discipline despite her having a doctor's note. When Plaintiff stated to Defendant company Human Resources ("HR") representative that she had a doctor's note, HR responded that it did not matter and that they could still issue discipline for days missed.

14.     In or around March of 2021, Plaintiff was *en route* to work when she encountered a traffic accident, causing her to arrive ten minutes late to her shift. Despite her efforts to explain why she was late, she was issued a third point of discipline.

2

15.     On or around August 4, 2021, Plaintiff's doctor excused her from work with an accompanying note for two days due to her dizziness.

16.     Plaintiff informed Defendant that she would not be reporting to her shift that day and provided said doctor's note.

17.     On or around August 5, 2021, Defendant HR called Plaintiff and stated that Defendant was terminating her employment because Plaintiff had called out the previous day and that, because of her points of discipline she had received, she had no sick days.

18.     Plaintiff stated that she had a doctor's note for her disability related absence and Defendant replied, "send it to me" and "[I will] see what I can do."

19.     Shortly thereafter, Plaintiff sent a screenshot of her doctor's note. Defendant Human Resources then called Plaintiff and stated that Arroyo and management had decided to terminate Plaintiff due to the attendance policy at Defendant Company, and that employees still would receive points of discipline even with a doctor's note excusing them from work.

20.     At all times throughout Plaintiff's employment, she was qualified for the position she held with Defendant.

21.     At all times, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodation.

22.     Any and all reasons for Plaintiff's termination by the Defendant are pretext.

**COUNT ONE**:       **Disability/ Perceived Disability Discrimination in Violation of Conn. Gen. Stat. § 46a-60(a)(1)**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 22 in the above and incorporates them as paragraphs 1 through 22 of this First Count as if fully stated herein

3

23.     The Defendant discriminated against and terminated the Plaintiff's employment because of his disability/ perceived medical disability. The foregoing conduct of the Defendants constitutes disability discrimination in violation of the CFEPA.

24.     The Defendant refused to engage in the interactive process or provide the Plaintiff with a reasonable accommodation for her disability. The foregoing conduct of the Defendants constitutes disability discrimination in violation of the CFEPA.

25.     As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment.  As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

26.     As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

27.     As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:**          **Interference in Violation of the Family Medical Leave Act 29 U.S.C. § 2612 et. Seq.**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 22 of the above as paragraphs 1 through 22 of this Second Count as if fully set forth herein.

23.     Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

24.     At all times relevant, Plaintiff was an eligible employee within the meaning of the FMLA.

25.     Defendant failed to inform the Plaintiff of her rights under the FMLA.

4

26.     Defendant interfered with the Plaintiff's rights under the Family Medical Leave Act ("FMLA") in one or more of the following ways:

    a.   It failed to notify her that she was an eligible employee under the FMLA upon her request for qualifying leave in violation of 29 C.F.R. § 825.300(b)(1);

    b.   It failed to count her leave as leave under the FMLA or advise her whether her leave was counted as leave under the FMLA;

    c.   It failed to notify her that she was entitled to protected leave under the FMLA;

    d.   It failed to inform her of what was necessary in order to secure protected leave under the FMLA;

    e.   It failed to provider her with a "Rights and Responsibilities Notice" as required by 29 C.F.R. § 825.300(b)(1);

    f.   It failed to provide her with a "Designation Notice" as required by 29 C.F.R. § 825.300(d);

    g.   It failed to provide her with an "Eligibility Notice" as required by 29 C.F.R. § 825.300(b)(1);

27.     The aforementioned acts of the Defendant constitute interference under the FMLA.

28.     As a result of the Defendant's interference with the Plaintiff's FMLA rights, the Plaintiff suffered harm.

29.     As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

5

30.     As a further result of the foregoing conduct of the Defendant, the Plaintiff has suffered and will continue to in the future, considerable emotional and psychological pain and suffering.

THE PLAINTIFF
ANA ROUBERT

By: _____
Megan L. Michaud, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mmichaud@cicchielloesq.com

6

| RETURN DATE: FEBRUARY 22, 2022 | : | SUPERIOR COURT |
| | : | |
| ANA ROUBERT | : | J.D. OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| PEPPERIDGE FARM, | : | |
| INCORPORATED | : | JANUARY 27, 2022 |

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff prays for the following relief:

1.  Money damages for lost wages, lost employment benefits, and back pay;

2.  Reinstatement or front pay;

3.  Punitive Damages;

4.  Liquidated Damages pursuant to the FMLA;

5.  Reasonable attorney's fees and costs; AND

6.  Such other relief as is allowable by law.

THE PLAINTIFF
ANA ROUBERT

By: _____
Megan L. Michaud, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mmichaud@cicchielloesq.com

RETURN DATE: FEBRUARY 22, 2022  :         **SUPERIOR COURT**
                                                  :

**ANA ROUBERT**                         :         **J.D. OF HARTFORD**
                                                  :

**VS.**                                   :         **AT HARTFORD**
                                                  :

**PEPPERIDGE FARM,**                :
**INCORPORATED**                 :         **JANUARY 27, 2022**

## STATEMENT OF AMOUNT IN DEMAND

      The Plaintiff herein certifies that the amount in demand is in excess of 15,000.00, exclusive of interest and costs.

.

                             THE PLAINTIFF
                             ANA ROUBERT

                             By:
                             Megan L. Michaud, Esq.
                             Cicchiello & Cicchiello, LLP
                             364 Franklin Avenue
                             Hartford, CT 06114
                             Tel: (860) 296-3457
                             Fax: (860) 296-0676
                             Email: mmichaud@cicchielloesq.com

# EXHIBIT A

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**



Ana Roubert
**COMPLAINANT**

CHRO No. 2210121
EEOC No. 16A-2021-01451

v.

Pepperidge Farm Inc.
**RESPONDENT**

## <u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:**   January 26, 2022

*Tanya A. Hughes*

Tanya A. Hughes, Executive Director

cc:  Maxine Mahabub, Esq., via email: mmahabub@cicchielloesq.com
Nicole S. Mule, Esq., via email: nicole.mule@ogletreedeakins.com

# EXHIBIT B

HHD-CV22-6152088-S            :        SUPERIOR COURT

                                        :

ANA ROUBERT                  :        J.D. OF HARTFORD

                                        :        AT HARTFORD

v.                                    :

                                        :

PEPPERIDGE FARM INCORPORATED.      :        March 4, 2022

## NOTICE OF FILING OF NOTICE OF REMOVAL TO PARTIES

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Pepperidge Farm Incorporated filed a Notice of Removal in the United States District Court for the District of Connecticut, in connection with the above-referenced action. A copy of Defendant's Notice of Removal is attached hereto as Exhibit A.

                              Respectfully submitted,

                              **DEFENDANT,**
                              **PEPPERIDGE FARM INCORPORATED**

                              By _/s/ Nicole S. Mulé_
                              Kelly M. Cardin
                              Nicole S. Mulé
                              Ogletree Deakins Nash, Smoak & Stewart P.C.
                              281 Tresser Boulevard, Suite 602
                              Stamford, CT 06901
                              Phone: 203-969-3112
                              Fax: 203-969-3150
                              kelly.cardin@ogletree.com
                              nicole.mule@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was sent via electronic mail on March 4,

2022 to:

Megan L. Michaud, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mmichaud@cicchielloesq.com

By: <u>/s/ Nicole S. Mulé</u>
Nicole S. Mulé

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANA ROUBERT          :       CIVIL ACTION NO.:
     Plaintiff            :
                     :
v.                     :
                     :
PEPPERIDGE FARM INCORPORATED.  :       March 4, 2022
     Defendant.           :

### NOTICE OF REMOVAL

**TO:**   **THE UNITED STATES DISTRICT COURT FOR THE**
       **DISTRICT OF CONNECTICUT**

      Defendant Pepperidge Farm Incorporated ("Pepperidge Farm" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1446, premised on federal question jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

**I.**    **TIMELINESS OF REMOVAL**

      1.     On or about February 2, 2022 Plaintiff Ana Roubert ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Ana Roubert v. Pepperidge Farm Incorporated*, and returnable to Connecticut Superior Court, J.D. of Hartford at Hartford. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

      2.     The first notice received by Defendant of the State Court Action occurred on or about February 2, 2022, when Plaintiff served the Complaint and Summons on Defendant's agent of service.

3.      Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.     VENUE

4.      The Superior Court of Connecticut, Judicial District of Hartford at Hartford is located within the geographic coverage of the United States District Court for the District of Connecticut.  28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.    BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In the Complaint, Plaintiff expressly alleges violations of the Family Medical Leave Act, 29 U.S.C. § 2612, et seq. ("FMLA"). Specifically, Plaintiff alleges her rights to FMLA were interfered with by Defendant. (Pl. Compl., Count Two ¶¶ 23-30, attached at **Exhibit A**). This Court has original jurisdiction of this civil action because Plaintiff's claims arise under the Constitution and laws of the United States. 28 U.S.C. § 1331.  Accordingly, the Complaint raises a federal question and this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. §1331, and removal of this action is authorized by 28 U.S.C. § 1441.

## IV.     SUPPLEMENTAL JURISDICTION

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims alleging disability discrimination in violation of Connecticut Fair Employment Practice Act ("CFEPA"). (Pl. Compl., Count One ¶¶ 23-27, attached at **Exhibit A**).   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal

causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

8.      Here, Plaintiff's state law claims relate closely to her FMLA claim. The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with and subsequent termination from Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. See 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## V.      CONCLUSION

9.      To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

10.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

11.     By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of

3

Case 3:22-cv-00346-RNC   Document 1   Filed 03/04/22   Page 25 of 26

Connecticut, Judicial District of Hartford to the United States District Court for the District of

Connecticut.

**DEFENDANT,**
**PEPPERIDGE FARM INCORPORATED**

By /s/ *Nicole S. Mulé*
Kelly M. Cardin (CT29162)
Nicole S. Mulé (CT30624)
Ogletree Deakins Nash, Smoak & Stewart P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3112
Fax: 203-969-3150
kelly.cardin@ogletree.com
nicole.mule@ogletree.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 4th day of March, 2022.

*/s/ Nicole S. Mulé*
Nicole S. Mulé

50372168.v1-Ogletree